JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
    E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
    Email: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DUMITRU CIUDIN, an Individual; OLGA CIUDIN, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  5:17-cv-02471<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham A*ct § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]; and**<br>**(5) ANTI-CYBERSQUATTING [15 U.S.C. § 1125(d)]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), do hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendants DUMITRU CIUDIN, OLGA CIUDIN, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.  BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.  Additionally, one of BMW NA's four Vehicle Distribution Centers and two of its six Parts Distribution Centers are located in California.  BMW NA also has more than fifty (50) dealerships throughout the state of California.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation.  BMW (US) Holding Corporation is an indirectly wholly-owned subsidiary of BMW AG.

2.     Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.     Plaintiffs are informed and believe that Defendant DUMITRU CIUDIN (hereinafter "DUMITRU") is now, and was at all times relevant to the Complaint, an individual doing business as Mepeh, LLC; RodneyJ LLC; eBay Seller IDs "bmwstone," "mepeh," and "rodneyjohnsons971"; the storefront Mepeh on www.etsy.com; and the websites located at www.mepeh.com and www.bmwstone.com, among possibly others.  Plaintiffs are further informed and believe that Defendant DUMITRU is resident of Corona, California, and does

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

business out of Anaheim and Corona, California.

4.     Plaintiffs are informed and believe that Defendant OLGA CIUDIN (hereinafter "OLGA") is now, and was at all times relevant to the Complaint, an individual doing business as Mepeh, LLC; RodneyJ LLC; eBay Seller IDs "bmwstone," "mepeh," and "rodneyjohnsons971"; the storefront Mepeh on www.etsy.com; and the websites located at www.mepeh.com and www.bmwstone.com, among possibly others.  Plaintiffs are further informed and believe that Defendant OLGA is a resident of Corona, California, and does business out of Anaheim and Corona, California.

3.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as Does 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Doe defendants by such fictitious names. When the true names and capacities of said Doe defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

4.     Plaintiffs further allege that Defendants and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

5.     Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendant and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION / VENUE

6.     This Court has jurisdiction over the subject matter of the First, Second, and Third Causes of Action (violation of the *Lanham Act*) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

7.     This Court has personal jurisdiction over Defendants as Defendants are residents of this district and conduct business from a principal place of business

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

within this jurisdiction. Defendants have committed the tortious activities of trademark and patent infringement and unfair competition in this district. Accordingly, Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.   Among other things, Defendants have advertised, offered to sell, sold, and distributed products that infringe the trademarks of Plaintiffs to consumers from this judicial district for Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiffs maintain substantial business contacts and financial interests.

8.   Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

9.   Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district.

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known BMW® Brand and Products

10.   Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-slip mats, mileage readers, DVD compact disc players, watches, clothing, MP3 players, PC port hubs, lighters, ash trays, USB flash memory drives, key-chains, pocket wallets, phone cases, car stickers and badges, car key cases, car key bags, driving license cases, brake pedal covers, storage basins, and a variety of other

products under various trademarks, including but not limited to the BMW® marks. Plaintiffs' BMW®-branded products and marks have achieved great success since their introduction at least as of 1955 and 1987, respectively.

11. Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their BMW® marks and products. Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

12. Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line. A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

13. As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW® marks have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the BMW® marks are famous in the United States and around the world.

### Plaintiffs' Registered Trademarks

14. While Plaintiffs have gained significant common law trademark and other rights in their BMW® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiffs' trademarks registered with the

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

United States Patent and Trademark Office ("USPTO"):

    i.    USPTO Reg. No.: 0,611,710, registered September 6, 1955;



    ii.    USPTO Reg. No.: 0,613,465, registered October 4, 1955;



    iii.    USPTO Reg. No.: 1,450,212, registered August 4, 1987;



    iv.    USPTO Reg. No.: 5,333,865, registered November 14, 2017;



    v.    USPTO Reg. No.: 4,293,991, registered February 26, 2013;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

vi.     USPTO Reg. No.: 5,333,899, registered November 14, 2017;



vii.    USPTO Reg. No.: 5,333,900, registered November 14, 2017;



viii.   USPTO Reg. No.: 1,438,545, registered August 5, 1987;



ix.     USPTO Reg. No.: 3,526,899, registered November 4, 2008;



x.     USPTO Reg. No.: 3,767,662, registered March 30, 2010; and

xi.   USPTO Reg. No.: 3,767,663, registered March 30, 2010 (collectively "BMW® Trademarks").



15.   Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants.   Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW® products.

**Defendants' Wrongful and Infringing Conduct**

16.   Particularly in light of the success of Plaintiffs' products, as well as the outstanding reputation they have gained, Plaintiffs and its products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the goodwill, reputation and fame Plaintiffs has spent considerable effort and resources to build up in their products and marks.

17.   A large number of these individuals and entities deal in pirated and counterfeit products featuring Plaintiffs' Trademarks.   Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, offering for sale, selling, and distributing counterfeit and otherwise unauthorized products.

18.   Plaintiffs are informed and believe that Defendants have individually and collectively purchased, imported, acquired, offered for sale, sold, and/or otherwise dealt in counterfeit automobile parts and accessories that infringe upon Plaintiffs' Trademarks.

19.   Defendants use, amongst other things, the Internet auction website located at eBay.com ("eBay"), owned and operated by eBay, Inc., to advertise, offer for sale, sell, and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers.   Defendants use a number of account IDs and aliases on eBay.com,

including but not limited to, Mepeh, LLC; RodneyJ LLC; and Seller IDs "bmwstone," "mepeh," and "rodneyjohnsons971." Plaintiffs are aware of a number of additional eBay accounts that may also be associated with Defendants but which cannot be confirmed at present.

20.    Additionally, Defendants' online commercial transactions are accomplished through the payment processing service located at PayPal.com ("PayPal"), which is provided by PayPal, Inc. Using PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account. Defendants have used a number of PayPal accounts and email addresses, including but not limited to, mepehinjectors@gmail.com and injectors@mepeh.com.

21.    Both eBay, Inc. and PayPal, Inc. are headquartered in California. In order for sellers, including Defendants, to make use of eBay and/or PayPal's services, users must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

22.    Defendants also use the websites located at mepeh.com and bmwstone.com to advertise, offer for sale, sell, and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers.

23.    Further, Defendants use the Mepeh storefront at etsy.com to advertise, offer for sale, sell, and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers.

24.    Plaintiffs are further informed and believe that Defendants market infringing BMW-related products through their social media account on www.facebook.com.

25.    Beginning on a date that is currently unknown to Plaintiffs and continuing to the present, Defendants have, without the consent of Plaintiffs, offered to sell and sold within the United States (including within this judicial

district) goods that were neither made by Plaintiffs nor by a manufacturer authorized by Plaintiffs (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the BMW® Trademarks.

26.    On information and belief, Plaintiffs further allege that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

27.    On July 8, 2016, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "BMW Emblem Roundel 82mm Badge for Hood or Trunk - 51148132375" – from eBay seller "bmwstone" for $14.99.  Payment was made through PayPal to "MEPEH, LLC," identifying the email addresses mepehinjectors@gmail.com and injectors@mepeh.com, and the URL http://www.mepeh.com.

28.    On or around July 13, 2016, Plaintiffs' investigator received a package pursuant to the July 8, 2016, order from "bmwstone" with a return address of "Dumitru Ciudin, 8009 E Snapdragon Ln, Anaheim, CA 92808."  The package contained a BMW roundel emblem featuring Plaintiffs' trademarks.  The BMW roundel emblem was inspected to determine authenticity and was determined to be counterfeit.

29.    On August 2, 2016, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "Authentic BMW Emblem Roundel 82mm Badge with Mounting Grommets - 51148132375" and "Black BMW Aluminum License Plate with Original Emblem Roundel – 51148132375" – from eBay seller "mepeh" for $22.99 and $21.99, respectively. Payments were made through PayPal to "MEPEH, LLC," identifying the email addresses mepehinjectors@gmail.com and injectors@mepeh.com, and the URL http://www.mepeh.com.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

30.    On or around August 5, 2016, Plaintiffs' investigator received a package pursuant to the August 2, 2016, orders from "mepeh" with a return address of "Dumitru Ciudin, 8009 E Snapdragon Ln, Anaheim, CA 92808."  The package contained a BMW roundel emblem and a license plate, both featuring Plaintiffs' trademarks.   The BMW roundel emblem and license plate were inspected to determine authenticity and were determined to be counterfeits.

31.    On or around October 7, Plaintiffs sent a cease and desist correspondence to Defendants via certified mail to the return address identified on Defendants' package.  Subsequently, Plaintiffs received return of the certified mail labeled as "Refused Return to Sender" dated October 11.

32.    On or around October 28, 2016, Plaintiffs' counsel spoke with Defendant via phone regarding Defendant's marketing, sale, and distribution of counterfeit BMW emblems and discussed resolving the dispute.   Defendants acknowledged his sales and conveyed he will be providing his sales accounting for BMW emblem sales.   Following the phone call, Plainitffs' counsel emailed Defendants a copy of the cease and desist notice letter to Defendants' email address mepehinjectors@gmail.com.

33.    On November 4, 2016, Defendants provided to Plaintiffs' counsel his purported PayPal sales records identifying an estimated 350 sales of BMW emblems grossing $5,820.72.   Pursuant to the records, the parties engaged in settlement negotiations that ended due to Defendants' abrupt disengagement.

34.    Despite Plaintiffs' notice of infringement and Defendants' acknowledgement of such notice, Defendants continued to sell counterfeit products featuring Plaintiffs' BMW® Trademarks.  Specifically, on February 3, 2017, in its ongoing investigation of counterfeit sales of BMW®-branded products, Plaintiffs' investigator purchased the item "Custom Aluminum License Plate for BMW with Carbon Fiber Roundel – Black" – from eBay seller "rodneyjohnsons971" for $24.99.  Payment was made through PayPal to "RodneyJ LLC," identifying the

email address rodneyjohnsons1971@gmail.com.

35.     On or around February 10, 2017, Plaintiffs' investigator received a package pursuant to the February 3, 2017, order from "rodneyjohnsons971" with a return address of "Extra Storage, 250 N Cota Street, Unit 141, Corona, CA 92880." The package contained a a license plate featuring Plaintiffs' trademarks.   The license plate was inspected to determine authenticity and was determined to be counterfeit.  Plainitffs' further investigation into the return address identified on the package conclude the address was for the storage facility named ExtraSpace Storage.  Plaintiffs' review of the eBay listings for seller "rodneyjohnsons971" showed a listing for a "Custom Aluminum License Plate for AC Schnitzer BMW – Black" that contained Plaintiffs' trademark and identified the Defendants' website www.mepeh.com.     Accoridngly,   Plaintiffs   concluded   the   eBay   seller "rodneyjohnsons971" is merely another alias account held, controlled, operated, or owned by Defendants.

36.     On or about June 6, 2017, Plaintiffs submitted a DMCA takedown notice relating to unauthorized uses of the BMW® Trademarks on the website located at www.mepeh.com.   The domain name mepeh.com is registered to Defendant OLGA. Thereafter, Plaintiffs were informed that the website located at www.mepeh.com was merely a front, redirecting visitors to the website located at www.bmwstone.com.   The domain name bmwstone.com is also registered to Defendant OLGA. On or about June 13, 2017, Plaintiffs submitted a DMCA takedown notice relating to www.bmwstone.com.  On or about June 15, 2017, the unauthorized content located at www.bmwstone.com was removed by the web host, and Plaintiffs were informed that their notice was forwarded to Defendants.

37.     Given Defendants' business practices and activities, Plaintiffs suspect, and it is highly likely, that Defendants use many other aliases, IDs, and platforms that are presently unknown to Plaintiffs to sell and distribute counterfeit products featuring Plaintiffs' BMW® Trademarks to consumers.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

38.     Through such business activities, Defendants have purposefully derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California.  But for Defendants' advertising, soliciting and selling of counterfeit products featuring Plaintiffs' Trademarks, Plaintiffs would not have been able to make purchases of the subject products from the State of California.

39.     By these sales and, on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW® Trademarks and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the BMW® Trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods.

40.     Defendants' conduct and use began long after Plaintiffs' adoption and use of its BMW® Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW® Trademarks became famous.  Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products.   Neither Plaintiffs nor any authorized agents have consented to Defendants' use of BMW® Trademarks in the manner complained of herein.

41.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

42.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted

Plaintiffs' rights in the BMW® Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

### FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks against Defendants DUMITRU CIUDIN, OLGA CIUDIN, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

43.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

44.     Plaintiffs have continuously used the BMW® Trademarks in interstate commerce.

45.     Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. § 1114.

46.     Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

47.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

48.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or

advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

49.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

50.     Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

51.     Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

52.     Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiffs request injunctive relief.

53.     Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable

attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants DUMITRU CIUDIN, OLGA CIUDIN, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

54.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

55.     Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* section 43(a) (15 U.S.C. § 1125).   Plaintiffs' asserted marks are fanciful, inherently distinctive and/or have otherwise acquired distinctiveness.

56.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

57.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

58.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

59.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing

use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

60.    Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

61.    Defendants' continuing and knowing use of the BMW® Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

62.    Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

63.    Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Ac*t, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**THIRD CAUSE OF ACTION**

**(Trademark Dilution against Defendants DUMITRU CIUDIN, OLGA CIUDIN, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

64.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

65.    Plaintiffs' BMW® Trademarks are distinctive and famous within the meaning of the *Lanham Act*.

66.    Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.   Defendants' conduct is willful, wanton and egregious.

67.    Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.  The actions of Defendants complained of herein have diluted and will continue to dilute the BMW® Trademarks and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

68.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

69.    As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory

damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants DUMITRU CIUDIN, OLGA CIUDIN, and DOES 1 through 10, Inclusive)**

[*California Business & Professions Code* § 17200 *et seq.*]

70.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

71.     By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq*.

72.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

73.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

74.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

75.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

76.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

77.     Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

78.     Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Cybersquatting Against Defendant OLGA CIUDIN and DOES 1-10, Inclusive)

### [15 U.S.C. § 1125(d)]

79.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

/ / /

/ / /

80.   Defendant OLGA registered the domain name bmwstone.com, which incorporates Plaitniff's business name trademark in its entirety with only the minor addition of the generic word "stone."

81.   The domain name bmwstone.com is identical (with only the minor addition) or at least confusingly similar to Plaintiff's BMW® Trademarks, which are distinctive, fanciful, and famous.

82.   Upon information and belief, Defendant OLGA registered the domain name bmwstone.com with a bad faith intent to profit from Plaintiff's BMW® Trademarks, pursuant to 15 U.S.C. § 1125(d).

83.   Defendant OLGA's bad faith intent to profit is demonstrated through the additional unauthorized replicas of the BMW® Trademarks appearing on the website located at bmwstone.com.

84.   Defendant OLGA's bad faith intent to profit is also demonstrated through her diversion of consumers from Plaintiffs' own legitimate website to the website located at bmwstone.com, which advertises, offers for sale, and sells counterfeit products featuring the BMW® Trademarks.

85.   Plaintiffs have suffered and continue to suffer irreparable harm and damage as a result of Defendants' cybersquatting in amounts thus far not determined but within the jurisdiction of this Court. Plaintiffs are entitled to monetary damages and injunctive relief as well as transfer of the domain name bmwstone.com, pursuant to 15 U.S.C. § 1125(d)(1)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendants DUMITRU CIUDIN, OLGA CIUDIN, and Does 1 through 10, inclusive, and each of them, as follows:

/ / /

/ / /

1.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3.  For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5.  In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

6.  For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

7.  For an award of Defendant OLGA's profits and Plaintiffs' damages in an amount to be proven at trial for cybersquatting under 15 U.S.C. § 1125(d);

8.  For transfer of the domain name bmwstone.com to Plaintiffs, pursuant to 15 U.S.C. § 1125(d)(1)(C);

9.  For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

10. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

11. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

12. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

13. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

14. For damages in an amount to be proven at trial for unjust enrichment;

15. For an award of exemplary or punitive damages in an amount to be determined by the Court;

16. For Plaintiffs' reasonable attorney's fees;

17. For all costs of suit; and

18. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

1

## DEMAND FOR JURY TRIAL

2       Plaintiffs  BMW  OF  NORTH  AMERICA,  LLC,  and  BAYERISCHE

3  MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant

4  to Local Rule 38-1.

5  DATED:  December 11, 2017       JOHNSON & PHAM, LLP

6

7

8                   By: /s/ Christopher Q. Pham
                        Christopher Q. Pham, Esq.

9                      Attorneys for Plaintiffs

10                   BMW OF NORTH AMERICA, LLC and
                      BAYERISCHE MOTOREN WERKE AG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**